OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Ottawa County Court of Common Pleas. After defendant-appellant, Matthew K. Smith, pled guilty to one count of receiving stolen property the court sentenced him to the maximum term of eighteen months incarceration. Appellant now challenges that sentence, raising the following assignments of error on appeal:
 "I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT IN THAT IT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO REVISED CODE SECTIONS 2929.11 ET SEQ
 "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
Because the assignments of error are interrelated, we will address them together.
On May 22, 1998, appellant was arrested and charged with operating a motor vehicle while intoxicated. A subsequent investigation revealed that appellant was driving a car which he stole from his roommate in Ithaca, New York. Appellant asserts that the maximum sentence given to him by the trial court was not in compliance with the provisions of R.C. 2929.11 et seq. and was against the manifest weight of the evidence.
Appellant was convicted of receiving stolen property, a motor vehicle, in violation of R.C. 2913.51(A), a fourth degree felony. R.C. 2929.14(A)(4) provides that the maximum prison term for a fourth degree felony is eighteen months. In sentencing an offender for a fourth degree felony, R.C. 2929.13(B)(1) directs the court to determine whether any of the following apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
"(g) The offender previously served a prison term.
 "(h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction."
In addition to determining whether any of the above listed factors apply, the court must look to R.C. 2929.12 in determining an appropriate sentence. That statute provides that a sentencing court has discretion to determine the most effective way to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.12. In exercising that discretion, R.C. 2929.12(A) directs the sentencing court to consider the factors set forth in R.C. 2929.12(B) and (C), relating to the seriousness of the conduct:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property. "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
In addition, the court is required to consider the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism:
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
Then, if the court makes a finding pursuant to R.C. 2929.13(B)(1) and if the court, after considering the R.C. 2929.12 factors, "finds that a prison term is consistent with the purposes and principles of sentencing set forth in [R.C. 2929.11] *** and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C. 2929.13(B)(2)(a). In determining the length of that prison term, a court may impose the longest prison term authorized for the offense "*** only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders *** and upon certain repeat violent offenders ***." R.C. 2929.14(C).
In its judgment entry of sentence, the court below stated that it "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12." The court then made the following express findings pursuant to R.C.2929.13(B): appellant had served a previous prison term; appellant had the greatest likelihood of reoffending; and appellant was already under community control. The court then expressly determined that appellant was not amenable to community control and that prison was consistent with the purposes of R.C. 2929.11.
Appellant asserts that this sentence was excessive and was not supported by the record. In particular, appellant refers to the trial court's comment at the sentencing hearing regarding physical harm to the victim:
 "The Court considers as a seriousness factor or an indicator that this is a more serious type of offense the fact that you caused serious physical harm to the victim, the individual you were living with.
 "He suffered a loss of transportation that was his only means of maintaining his employment. He was saddled with the expense of retrieving the vehicle, storing it until he could retrieve it. And there were repairs necessitated by the intense use of the vehicle, admittedly no collision, but the amount of mileage that was placed on the vehicle in your flight.
 "Less serious factors do not present themselves unfortunately."
While we agree with appellant that there is no evidence that the victim of the offense suffered any physical harm, R.C.2929.12(B)(2) does permit the court to consider economic harm caused by the offense. Moreover, the record is clear that the court went on to consider the recidivism factors and found that appellant had the greatest likelihood of recidivism. This finding is supported by appellant's lengthy criminal record and the fact that he was under a community control sanction from New York when he committed the present offense. Finally, the court cited appellant's history of drug and alcohol abuse, the connection of that abuse with his criminal history and the fact that he has never been able to follow through with treatment programs in support of its finding that appellant posed the greatest threat of committing future offenses. With regard to the R.C. 2929.13(B)(1) factors, the court specifically found that appellant had previously served a prison term.
Accordingly, it is clear that in sentencing appellant to the maximum term of incarceration, the trial court found the existence of a R.C. 2929.13(B)(1) factor, considered the factors set forth in R.C. 2929.12 regarding the seriousness of the conduct and the likelihood of recidivism, determined that a prison term was consistent with the principles and purposes of sentencing set forth in R.C. 2929.11 and determined that appellant was not amenable to a community control sanction. Finally, the court determined that appellant posed the greatest likelihood of committing future crimes. All of these findings are supported by the record. Both assignments of error are, therefore, not well-taken. On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.